IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS,
EAST ST. LOUIS

| | |
|---|---|
| CAMP DRUG STORE, INC. and ARCARE d/b/a PARKIN DRUG STORE and BALD KNOB MEDICAL CLINIC, individually and as the representative of a class of similarly-situated persons,<br><br>            Plaintiffs,<br><br>   v.<br><br>COCHRAN WHOLESALE PHARMACEUTICAL, INC.,<br><br>            Defendant. | Case No.  16-CV-488 |

**PLAINTIFF'S AGREED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiffs, Camp Drug Store, Inc. and ARCare d/b/a Parkin Drug Store and Bald Knob Medical Clinic ("Plaintiffs"), on behalf of themselves and a class of similarly-situated persons (identified herein as the "Settlement Class"), pursuant to Fed. R. Civ. P. 23 (e), respectfully request that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached hereto as <u>Exhibit A</u>, (2) preliminarily approving the form of Class Notice attached as Exhibit 2 to the Agreement and approving its dissemination to the Settlement Class by facsimile, and mail if facsimile is unsuccessful, and (3) setting dates for opt-outs, objections, and a fairness hearing. A proposed Preliminary Approval Order is attached as Exhibit 1 to the Agreement and will be submitted to the Court electronically after the hearing.

I. **Background and summary of settlement.**

1. Plaintiffs allege on behalf of themselves and a putative class that Cochran Wholesale Pharmaceutical, Inc. ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiffs or the putative class members or without a valid opt-out notice. Defendant has denied all liability for the claims made by Plaintiffs.

2. Through analysis of available records, Plaintiffs determined that Defendant sent or may have sent facsimile advertisements to a list of 16,965 unique fax numbers between April 19, 2012 and November 1, 2016.

3. Without admitting or conceding any wrongdoing, Defendant has agreed to settle with Plaintiffs and the Settlement Class by making $700,000.00 available to fund a settlement of this matter. The Parties reached this agreement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the likelihood of protracted litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiffs and Defendant agreed to and executed the Agreement.

4. The Settlement was negotiated among the Parties at a day long mediation presided over by David C. Nutter of Miles Mediation & Arbitration Services, LLC, through counsel, in good faith and at arms' length.

5. The key terms of the Agreement are as follows:

(a) <u>Certification of a Settlement Class</u>. The Parties stipulate to certification pursuant to Rule 23 (b) (3) of the following "Settlement Class:" "All persons to whom Cochran Wholesale Pharmaceutical, Inc. sent a facsimile promoting its goods or services between April 19, 2012 and November 1, 2016.'" Agreement at ¶ 3. The Settlement Class list shall be comprised of (1) all entities in the 2011 Hayes Independent Drug Store Directory for which a facsimile number is listed; and (2) Defendant's current and former customers for which Defendant has a facsimile number in its records.

(b) <u>Class Counsel and Representative Plaintiffs</u>. The parties have agreed that Plaintiffs will be the Class Representative and that Phillip A. Bock of Bock & Hatch, LLC, and Randall K. Pulliam of Carney Bates & Pulliam, PLLC will be Class Counsel. Agreement at ¶ 3.

(c) <u>Monetary Relief to the Members of the Settlement Class</u>. Defendant has agreed to create a settlement fund of $700,000.00 (the "Settlement Fund"). Agreement at ¶ 5. Pursuant to the terms of the settlement, each class member who submits a timely and valid claim form will be sent a check for $125.00. Agreement at ¶ 8. If this would result in total payments exceeding the Settlement Fund, however, the payment shall be calculated on a *pro rata* basis. *Id.* Defendant is not required to place the Settlement Fund into a separate bank account. *Id.* Any portion of the Settlement Fund that is not paid to claiming class members, to the

Settlement Class Representative, or to Class Counsel, shall revert to and be kept by Defendant. *Id.*

(d) <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by facsimile and if facsimile is unsuccessful, then by mail. Agreement at ¶ 4. The notice includes instructions about opting out, objecting, or submitting a claim form by fax or mail to Class Counsel. Agreement at Ex. 2.

(e) <u>Claims</u>. Class-settlement.com shall serve as the settlement administrator, assisting the class members in completing claim forms, issuing the notice, receiving and processing the claim forms, and sending checks to the claimants. Agreement at ¶ 6.

(f) <u>Settlement Class Opt-Out Rights</u>. A class member may seek to be excluded from the Agreement by opting out of the Settlement Class within the time period set by the Court. Agreement at ¶ 7 and Ex. 2. The parties suggest a forty-five (45) day period. Id. Any member who opts out of the Class shall not be bound by any of the Court's orders or the terms of the Agreement and shall not be entitled to any of the benefits set forth in the Agreement.

(g) <u>Release</u>. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant and the other released parties. Agreement at ¶ 14.

(h) <u>Incentive Award and Attorney's Fees and Costs</u>. At the final

approval hearing, after the Class is notified, Class Counsel will ask the Court to approve an award of $15,000.00 each from the Settlement Fund to Plaintiffs for serving as the class representative. Agreement at ¶ 11. Class Counsel will apply to the Court to approve an award of attorney's fees equal to one third of the Settlement Fund ($233,333.33), plus reasonable out-of-pocket expenses not to exceed $30,000.00. Agreement at ¶ 10. Defendant has agreed to pay these amounts and does not object to these requests. Agreement at ¶ 10.

## II. The Court should grant preliminary approval to the settlement.

### A. The proposed settlement is within the range of possible approval.

6. A district court's review of a proposed Class Action Settlement is typically a two-step process. *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F. 2d 305,314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F. 3d 873 (7th Cir. 1998). The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Id.* The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). *See also Carnegie v. Household International, Inc.* 371 F. Supp. 954, 955 (N.D. Ill. 2005) (hearing is to "determine whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing").

### B. Standard for judicial evaluation and approval.

7. A court may approve a settlement if the settlement "is fair, reasonable,

5

and adequate." Fed. R. Civ. P. 23 (e) (1) (C). *See Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006); *DHL v. Thoroughbred Technology + Telecom.*, 309 F. 3d 978, 986 (7th Cir. 2002). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). If the Court finds that the settlement falls "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

    **C.**    **Factors considered in determining whether a settlement is fair, reasonable, and adequate.**

    8.    The factors considered are: (1) the strength of the Plaintiffs's case on the merits compared to the amount of the settlement; (2) the defendant's ability to pay; (3) the likely complexity, length and expense of further litigation; (4) opposition to the settlement from members of the class; (5) evidence of collusion; (6) opinions of counsel; (7) the stage of the proceedings and the amount of discovery completed at the time of settlement; and (8) the public interest. *Isby v. Bayh*, 75 F. 3d 1191, 1198-1199 (7th Cir. 1996).

    9.    In this case, these factors show that the proposed settlement is within the range of possible approval. Therefore, the Court should permit the parties to notify the Settlement Class and the Court should schedule a fairness hearing to determine whether to finally approve the settlement.

10. The Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case.

11. Defendant, has agreed to create a settlement fund of $700,000.00. Agreement at ¶ 5. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check for $125, or their *pro rata* share. Agreement at ¶ 8.

12. Class action litigation, especially cases involving numerous or complex issues, is time consuming in terms of both pretrial and trial work. Because of the significant costs that class actions can involve for both parties, courts consider the savings that would result from settlement of the case. *Isby*, 75 F. 3d at 1198-99 (holding that settlement was outcome "comparable if not far superior," to that which the Plaintiffss might achieve at trial because continuous litigation would require "resolution of many difficult and complex issues, and would entail considerable additional expense") (quoting *Tafia v. Bayh*, 746 F. Supp. 723, 727 (N.D. Ind. 1994)).

13. There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable in light of the risks of continued litigation. After the conclusion of the a trial, there would undoubtedly be appellate practice. Settlement avoids all of that time, expense and uncertainty.

14. Defendant shared its financial information with Plaintiffs' counsel as part of the mediation process. Based on that information, Plaintiffs have concluded

that it is unlikely that Defendant would ever be in a position to be able to pay more than the settlement.

15. Defendant has denied liability and has agreed to settle only to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid claim form will receive a cash payment of $125. Agreement at ¶ 8.

16. Plaintiffs's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiffs's attorneys have litigated TCPA class actions since 2003. They have been appointed class counsel in several such cases. *See Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill.); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, Case No. 10-CV-331 (E.D. Wis.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953 (N.D. Ill.); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09-CV-0776 (N.D. Ill.); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09-CV-1399 (N.D. Ill.);

*Holtzman v. CCH*, 07-CV-7033 (N.D. Ill.); *CE Design, Ltd. v. Exterior Systems, Inc.*, 07-CV-66 (N.D. Ill.).

17. Additionally, Plaintiffs' counsel have successfully negotiated numerous class-wide settlements in TCPA cases. *Id.*

18. Based upon the foregoing, and the judgment of experienced class counsel, Plaintiffs requests that the Court preliminarily approve the settlement.

### III. At final approval, Class Counsel will ask the Court to approve Defendant's agreement to pay Class Counsel's fees and expenses, and an incentive award to Plaintiffs.

19. At final approval, Class Counsel will request that the Court approve Defendant's payment to Plaintiffs in the amount of $15,000.00 each from the Settlement Fund for serving as the class representative.

20. Incentive fees are appropriate to reward class representatives who have pursued claims on behalf of the class. *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the Plaintiffs has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the Plaintiffs expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

21. Plaintiffs were the catalyst of this case. Plaintiffs filed and pursued this action (and an action that was pending in the Northern District of Georgia). Their efforts greatly benefited the Class. Class Counsel requests that the Court award Plaintiffs incentive payments of $15,000.00 each for their efforts on behalf of the class. Judges have approved similar awards. *See, e.g., Trynex*; *Beason*.

22. Additionally, at final approval, Class Counsel will request that the Court approve Defendant's agreement to pay them attorneys' fees equal to one third of the Settlement Fund. This amount is within the approved range in class actions. *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (approving award of fees equal to 30% of $7.25 million settlement plus $111,054.06 in expenses and citing with approval a submission showing thirteen cases in the Northern District with awards of 30-39% of common funds in class actions).

23. The Seventh Circuit recognizes that the attorneys' contingent risk is an important factor in determining the fee award. *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994); *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980); *Morris B. Chapman & Assoc. v. Kitzman*, 193 Ill. 2d 560, 572-73 (2000). "When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund." *Gaskill*, 160 F.3d at 362-63 (affirming award of 38% of $20 million), *citing Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). *See also Brundidge v. Glendale Federal Bank*, 168 Ill. 2d 235, 238 (1995) ("[O]ne who 'creates, preserves, or increases the value of a fund in which others have an ownership interest to be reimbursed from that fund for litigation expenses incurred, including counsel fees.'").

24. "In deciding fee levels in common fund cases, we have consistently directed district courts to 'do their best to award counsel the market price for legal

services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'" *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007), citing *In re Synthroid Mktg. Litig.,* 264 F.3d 712, 718 (7th Cir.2001). The market for legal services paid on a contingency basis shows the proper percentage to apply in a class action that creates a common fund for the benefit of the class. *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 572 (7th Cir. 1992). Where lawyers working on a contingency basis in the relevant community typically charge one-third of any recovery to a private client, this shows that a similar fee is appropriate in a contingency class action. *Id.*; see also ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 13:80 (4th ed. Updated June 2008); *First Interstate Bank of Nevada, N.A. v. National Republic Bank of Chicago,* No. 80 C 6401 (N.D. Ill. Feb. 12, 1988) (Plunkett, J.) (39% fee); *Gaskill v. Gordon*, 942 F. Supp. 382 (N.D. Ill. Sept. 30, 1996) (Williams, J.), *aff'd,* 160 F.3d 361 (7th Cir. 1998) (receivership case) (38% fee); *In re Nuveen Fund Lit.*, No. 94 C 360 (N.D. Ill. June 3, 1997) (Manning, J.) (33.3% fee); *In re Soybean Futures Lit.*, No. 89 C 7009 (N.D. Ill. Nov. 27, 1996) (Norgle, J.) (33.3% fee); *Liebhard v. Square D Co.,* No. 91 C 1103 (N.D. Ill. Jun. 6, 1993) (Plunkett, J.) (33.3% fee); *Goldsmith v. Technology Solutions, Co.*, 1995 U.S. Dist. LEXIS 15093 (N.D. Ill. Oct. 10, 1995) (Guzman, J.) (33.3% fee); *Hammond v. Hendrickson*, No. 85 C 9829 (N.D. Ill. Nov. 20, 1992) (Aspen, J.) (33.3% fee); *In re Caremark International Sec. Lit.*, No. 94 C 4751 (N.D. Ill. Dec. 15, 1997) (Plunkett, J.) (33% fee).

  25. Here, Class Counsel's request for one third of the settlement fund is

within the market rate for TCPA cases. *See* cases cited in paragraph 16 above.

26. Defendant has agreed to pay a fair and reasonable amount equal to one third of the Settlement Fund ($233,333.33) plus reasonable out-of-pocket expenses not to exceed $30,000.00. Class Counsel undertook this case on a contingency basis, and achieved an excellent result in a fair and efficient manner.

27. Class Counsel resolved this case through unique capabilities from their years of experience in these types of cases. As indicated above, Class Counsel have been litigating TCPA class actions since 2003, and have litigated class actions for many more years.

28. If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to one third of the Settlement Fund.

### IV.  The Court should approve notice to the Settlement Class.

29. The parties propose to issue notice by facsimile, and if the facsimile fails, then by mail to the Settlement Class. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

30. Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

31. Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a

reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers in question, and then if necessary by mail to the addresses contained in the Database referred to in the Agreement. The simple, one-page claim form will be delivered with the notice, so that members of the Class can complete a claim form and return it immediately by fax or mail if they choose.

32. The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements. Agreement at Ex. 2.

33. The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## V. The Court should schedule a final fairness hearing.

34. Plaintiffs requests that the Court schedule a final fairness hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

## VI. Conclusion.

WHEREFORE, Plaintiffs respectfully requests that the Court enter a

Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing.

By: /s/ Phillip A. Bock

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

Randall K. Pulliam
Allen Carney
CARNEY, BATES & PULLIAM PLLC
2800 Cantrell Rd., Ste. 510
Little Rock, AR 72202
Telephone:  501-312-8500

<u>**CERTIFICATE OF SERVICE**</u>

I am an attorney of record in this case. I hereby certify that on November 14, 2016 I caused a copy of the foregoing to be filed via the Court's ECF filing system, whereupon all counsel of record were served.

<u>/s/ Phillip A. Bock</u>
Attorney for Plaintiff