# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Camp Drug Store, Inc. and ARcare (collectively, "Plaintiffs"), on behalf of themselves and a settlement class of similarly situated persons (identified herein as the "Settlement Class"), and Cochran Wholesale Pharmaceutical, Inc. ("Defendant"). The parties to this Agreement are collectively referred to as the "Parties." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

**WHEREAS**, Plaintiffs and Defendant are Parties to a civil action *Camp Drug Store, Inc. v. Cochran Wholesale Pharmaceutical, Inc.*, Case No. 3:16-cv-00488, pending in the United States District Court for the Southern District of Illinois ("the Litigation"); and

**WHEREAS**, Plaintiffs allege, on behalf of themselves and a putative class, that Defendant violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiff or the putative class members or without a valid opt-out notice; and

**WHEREAS**, Defendant denies all liability for the claims made in the Litigation; and

**WHEREAS**, Plaintiffs' attorneys have investigated the relevant facts and researched the law relating to the Litigation, determining, among other things, that Defendant sent or may have sent facsimile advertisements to a list of 16,965 unique fax numbers between April 19, 2012 and November 1, 2016; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendant has agreed to settle all claims, demands, and liabilities between it and Plaintiffs and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

1

**WHEREAS**, Defendant has agreed to make available, subject to paragraph 5 below, up to $700,000.00 to fund the settlement, which shall be available to pay class members who submit valid claims as further defined herein, to pay fees and out of pocket litigation expenses to Plaintiffs' counsel, to pay incentive awards to Plaintiffs, and to pay the costs of notifying the Settlement Class and administering the settlement (the "Settlement Fund"); and

**WHEREAS**, Plaintiffs and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering (1) the benefits the Settlement Class will receive under this settlement, (2) the fact that Defendant has demonstrated that it will vigorously oppose the claims asserted in the Litigation if the settlement is not approved; (3) the attendant risks, costs, uncertainties, and delays of litigation; (4) the risks, costs, uncertainties, and delays of prosecuting the case going forward; and (5) Defendant's limited ability to pay a settlement or judgment against it; and

**WHEREAS**, the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length after extensive informal discovery and after a day-long mediation; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiffs and the entire Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1. <u>Recitals</u>. The above described recitals are incorporated herein and made a part hereof.

2. <u>Settlement</u>. This Agreement is entered into to resolve all disputes between Defendant, Plaintiffs, and the Settlement Class. The assertions, statements, agreements and

representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason, except that in the event the settlement is not finally approved, Defendant will still pay the expenses of class notice and administration incurred, which expense shall not exceed $30,000.

3.   The Settlement Class. For purposes of settlement, the Parties agree that the Settlement Class shall be defined as:

> All persons to whom Cochran Wholesale Pharmaceutical, Inc. sent a facsimile promoting its goods or services between April 19, 2012 and November 1, 2016.

For purposes of this Settlement Class, "person" has the same meaning as in 1 U.S.C. § 1. Excluded from the Settlement Class are (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers. The Settlement Class list shall be comprised of (1) all entities in the 2011 Hayes Independent Drug Store Directory for which a facsimile number is listed; and (2) Defendant's current and former customers for which Defendant has a facsimile number in its records. The parties further agree that Plaintiffs may be appointed as "Class Representatives" and that Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC and Randall K. Pulliam of Carney Bates & Pulliam, PLLC may be appointed as "Class Counsel."

4.   Preliminary Approval and Class Notice. Plaintiffs will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiffs will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit 1 (the "Preliminary Approval Order"). Additionally, Plaintiffs will request that the Court approve a "Notice of Class Action and

3

Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), and request that the Court permit the parties to send that notice to the Settlement Class by facsimile transmission, and by U.S. Mail to those class members to whom facsimile notice is unsuccessful after three attempts. Notice shall be sent within ten (10) days of preliminary approval. A website will be set up by the Settlement Administrator (as that term is later defined) for class members to access the settlement documents, including the Notice and claim form.

5.     The Settlement Fund. Defendant has agreed to make up to $700,000.00 available to settle this case on a common fund basis (the "Settlement Fund").  Defendant is not required to place all or any portion of the Settlement Fund into a separate bank account. Any portion of the Settlement Fund that is not actually paid to claiming class members, to the Settlement Class Representatives, to Class Counsel, or to the third-party administrator shall be kept by Defendant. The amount that Defendant is obligated to pay under this Settlement shall not, in any event, exceed $700,000.

6.     The Settlement Administrator. Class-settlement.com (the "Settlement Administrator") shall serve as the Settlement Administrator. The Settlement Administrator will administer the Settlement Class notice process, assist the class members in completing claim forms, receive the claim forms by facsimile, U.S. mail, and through the settlement website, track and provide notice to the parties for any person opting out of the Settlement Class, and provide a list of accepted and rejected claims and the total to be paid to each claimant, to counsel for the parties. Upon request, the Settlement Administrator will provide copies of all claim forms to counsel for the parties. The decisions of the Settlement Administrator with respect to the validity of claims shall be final and binding. All fees and

4

costs of the Settlement Administrator, including the costs associated with paying third parties to provide notice to the class, shall be paid out of the Settlement Fund as part of the award of expenses to Class Counsel. To the extent necessary, the Settlement Administrator shall also require any Settlement Class member that submits a valid, timely claim form to provide a valid W-9 form as a condition to receiving any payment under this settlement.

7.   Exclusion requests and objections to the settlement. The Notice shall contain information about how a Settlement Class member may opt out of the Settlement Class, including the potential implications for doing so. A Settlement Class member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator. To be valid, the proposed Settlement Class member's opt-out request must contain the proposed Settlement Class member's name, fax number, street address, original signature, and a statement that the proposed Settlement Class member wants to be excluded from the Settlement Class. To be valid, opt-out requests must be postmarked no later than 45 days from the date set in the Preliminary Approval Order as the deadline for transmission of the Notice. To be valid, a request must not purport to opt out of the class of the Settlement Class members for a group, aggregate, or class involving more than one consumer. Requests for exclusions that do not comply with these requirements are invalid.

Any Settlement Class member who does not opt out but who instead wishes to object to the Settlement Agreement may do so. To be effective, an objection must be made individually by an individual Settlement Class member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class member, not by the act of another person acting or purporting to act in a representative capacity of other settlement class members. This provision does not prohibit any Settlement Class member

from filing an objection with representation by an attorney. Any Settlement Class member wishing to object to the Settlement must file a written objection with the Clerk's Office of the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201. Any such objection must be filed with the Clerk of the Court not later than 45 days from the date set in the Preliminary Approval Order as the deadline for transmission of the Notice. Any Settlement Class member filing an objection must also serve copies of that objection on Class Counsel and Defendant's counsel, at the addresses specified in this Settlement Agreement, postmarked by the same date. Any objection must include the Settlement Class member's name, fax number, and street address, all attorneys who assisted in the preparation and filing of the objection, a list of all other class action cases in which the Settlement Class member or their counsel have filed objections to settlements, and a statement of the reasons why the Settlement Class member believes the Court should find that the proposed settlement is not in the best interests of the Class. Any objecting Settlement Class member must also appear at the final approval hearing in this matter.

8.      _Payments to class members_. Class members will have 60 days from the date set in the Preliminary Approval Order as the deadline for transmission of the Notice to submit claims ("Claims Due Date"). Claims may be submitted by facsimile, U.S. Mail, or via the settlement website. Each settlement Class Member who submits a valid and timely Claim Form shall be paid $125.00, subject to a _pro rata_ reduction in the event that the claims and other payments approved by the Court otherwise would exceed the total Settlement Fund. Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. All Settlement Class members will be informed

that checks containing payments must be cashed within 181 days of issuance or else the check will be void and they will have no further right or entitlement to any payment under the terms of this settlement.

9.    <u>Injunction</u>. Defendant agrees to entry of a permanent injunction enjoining future violations of the TCPA.

10.    <u>Final Approval</u>. The preliminary approval order will set a date for a final fairness hearing. At the final fairness hearing, Plaintiffs and Defendant will request that the Court enter the "Final Approval Order and Judgment of Classwide Settlement" in the form attached hereto as Exhibit 3 (the "Final Approval Order"). If the Court does not enter a final approval order substantially in the form of Exhibit 3 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

11.    <u>Incentive Award, Attorney's Fees, and Expenses</u>. Plaintiffs shall be paid an incentive award from the Settlement Fund of $15,000.00 each for representing the Settlement Class, subject to the Court's approval. In addition, Class Counsel shall be paid one third of the Settlement Fund ($233,333.33) as attorney's fees from the Settlement Fund plus their reasonable out-of-pocket expenses, including all costs of notice and settlement administration, not to exceed $30,000.00, all subject to the Court's approval. Defendant will not object to a request for these amounts, nor will Defendant appeal any award of these amounts. Class counsel shall file an appropriate motion for final approval of this Settlement not less than seven (7) days before the final fairness hearing. The awarded amounts will be set forth in the Final Approval Order and shall be paid from the Settlement Fund in accordance with paragraph 13 below. The parties agree that the maximum amount paid from the Settlement

Fund for incentive awards, attorney's fees, and expenses, shall not exceed the amounts set forth in this paragraph.

12.     Effective Date. This Agreement shall not be effective until the Effective Date. "Effective Date" means the date on which the last of the following with respect to the Court's entry of the Final Approval Order and the Court's orders about incentive awards, attorney's fees, and costs: (i) the expiration of 33 days after entry of the Final Approval Order; (ii) if the 33rd day after entry of the Final Approval Order falls on a weekend or a Court holiday, the next business day after that 33rd day; (iii) such date to which the time to file a motion to alter or amend the Final Approval Order or to take an appeal has been extended by the Court or otherwise; and, (iv) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal, with no possibility of further appellate review, resulting in final judicial approval of this Settlement Agreement that permits the consummation of the settlement in accordance with the terms and conditions contained within this Settlement Agreement. For purposes of this definition, the term "appeal" includes writ proceedings.

13.     Payment of Claims, Incentive Award and Class Counsel Fees. Within three (3) business days after the Effective Date, Defendant shall pay to Class Counsel the attorneys' fees, expenses, and incentive awards approved by the Court in its Final Approval Order, and subject to the limitations in Paragraph 11 of this Agreement, by certified check or wire transfer to Bock, Hatch, Lewis & Oppenheim. Prior to making any such payment, and as a condition of any such payment, Class Counsel shall provide Defendant with completed IRS form W-9s for (1) Bock, Hatch, Lewis & Oppenheim; (2) Camp Drug Store, Inc.; and (3) ARcare.

In addition, within three (3) business days after the Effective Date, Defendant shall pay the Settlement Administrator a sum sufficient to cover the settlement checks to Class Members based on the number of timely, valid claims. That amount shall equal $125 for each valid, timely claim, unless the total amount due would, together with the payments made for incentive awards, attorney's fees, and costs, exceed $700,000, in which case Defendant shall pay an amount sufficient to equal a total payment, including incentive awards, attorney's fees, and costs, of $700,000. If either payment by Defendant is late, Defendant shall pay interest on the amount due at the Illinois statutory interest rate of 9% per annum, except in the event that Defendant is unable to make a payment to Class Counsel due to absence of the required W-9 forms described in the foregoing paragraph. Within twenty (20) days after receiving the foregoing sums from Defendant, the Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class members who submitted timely, valid claims. Checks issued to the Settlement Class members will be void 181 days after issuance and any money remaining in the Settlement Fund shall be returned within ten (10) days to Defendant.

14.     Releases. (A) Subject to and effective upon entry of the Final Approval Order, all class members, including Plaintiffs, who do not opt out of the proposed Settlement Class (the "Releasors") as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect,

contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendant's transmission of any and all facsimiles to any Settlement Class member sent during the Class Period (the "Released Claims").

If any of the Releasors reside in California or South Dakota, or are otherwise subject to California or South Dakota law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California and Section 20-7-11 of the South Dakota Codified Laws. Those sections both read as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Notwithstanding the provisions of Section 1542 of the Civil Code of California and Section 20-7-11 of the South Dakota Codified Laws, or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Agreement is intended to include, without limitation, in addition to the Released Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this document, and agree that the settlement agreed upon completely extinguishes all such claims.

This release does not apply to actions brought by the government.

(B) Subject to and effective upon entry of the Final Approval Order, Defendant, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, releases and forever discharges Plaintiffs (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature,

obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the "Released Claims."

15.    Class Enjoined. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant (and its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, members, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

This injunction does not apply to actions brought by the government.

16.    Cooperation. The Parties agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement provided for herein.

11

17.    <u>Agreement Contingent Upon Entry of Final Approval</u>. This Agreement is contingent upon entry of an order that contains the judgment giving final approval to the terms of this Agreement. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any Party.

18.    <u>Notices</u>. Requests for exclusion shall be sent to the Settlement Administrator as described in Paragraph 7 of this Agreement. All other notices regarding this Settlement shall be sent to:

Phillip A. Bock                              Ross D. Andre
Bock, Hatch, Lewis & Oppenheim               Troutman Sanders LLP
134 N. LaSalle St., Suite 1000               600 Peachtree St. NE, Suite 5200
Chicago, IL 60602                            Atlanta, GA 30308
*Class Counsel*                              *Counsel for Defendant*

19.    <u>Court Submission</u>. Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement.

20.    <u>CAFA Notice</u>. Defendant shall send all necessary Class Action Fairness Act ("CAFA") notices, in accordance with 28 U.S.C. § 1715(a), not later than ten (10) days after the Parties first file this Settlement Agreement with the Court. Defendant shall file proof of its compliance with its CAFA notices with the Court not less than twenty (20) days before the final fairness hearing.

21.    <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and

supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

22.    <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

23.    <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

24.    <u>Representations and Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

25.    <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Illinois, without regard to its conflict of laws and/or choice of law provisions.

26.     Mutual Interpretation. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Defendant have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiffs acknowledge, but do not concede or agree with, Defendant's statements regarding the merits of the claims, and Defendant acknowledges, but does not concede to or agree with, Plaintiffs' statements regarding the merits of the claims.

27.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

28.     Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within fourteen (14) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

29.     Continuing Jurisdiction. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and

final judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____

CAMP DRUG STORE, INC., on behalf of itself and the Settlement Class

By: _____

Its: _____

DATED: 11/14/16

ARCARE, on behalf of itself and the Settlement Class

By: _____

Its: _____

DATED: 11/8/16

COCHRAN   WHOLESALE   PHARMACEUTICAL, INC.

By: _____  P. Douglas Cochran

Its: _____Pres._____

or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _11-1-16_      CAMP DRUG STORE, INC., on behalf of itself and the Settlement Class

By: _Kevin C Newbirt_

Its: _PRESIDENT_

DATED: _____      ARCARE, on behalf of itself and the Settlement Class

By: _____

Its: _____

DATED: _____      COCHRAN WHOLESALE PHARMACEUTICAL, INC.

By: _____

Its: _____

15



PLAINTIFF'S
EXHIBIT
1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS

CAMP DRUG STORE, INC., and ARCARE on
behalf of themselves and all others similarly
situated,

     Plaintiffs,

                              Case No.: 3:16-cv-00488-SMY-PMF

v.

COCHRAN WHOLESALE
PHARMACEUTICAL, INC., and JOHN DOES
1-12,

     Defendants.

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND CERTIFYING SETTLEMENT CLASS

This matter coming before the Court on the "Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class" (the "Motion"), after review and consideration of the Parties' Settlement Agreement and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.     By stipulation of the Parties, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class: "All persons to whom Cochran Wholesale Pharmaceutical, Inc. sent a facsimile promoting its goods or services between April 19, 2012 and November 1, 2016." The Parties expressly agreed to this Settlement Class definition for settlement purposes. Excluded from the Settlement Class are (a) the Defendant and its present and former officers, directors, employees and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

2.     The Court finds that class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions

1

of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

3.     The Court appoints plaintiffs, Camp Drug Store, Inc. and ARcare (collectively, "Plaintiffs"), as the "Class Representatives" and appoints Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC and Randall K. Pulliam of Carney Bates & Pulliam as "Class Counsel."

4.     Pursuant to Federal Rule of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

5.     The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

6.     The Settlement Agreement proposes notice to the Settlement Class by facsimile, U.S. Mail to class members to whom facsimile notice is unsuccessful, and by maintaining a settlement website. The Court finds that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23. The plan is approved and adopted. The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement. The Court approves the form of the Notice as contained in Exhibit 2 to the Settlement Agreement.  The Court also approves Class-Settlement.com as the Settlement Administrator.

7.     The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)     The Notice shall be sent by the Settlement Administrator within ten (10) days of this Order;

(b)      Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel (with a copy to Defendant's Counsel) on or before _____, 2017 [45 days after the deadline for sending Notice in 7(a)], or be forever barred; and

(c)      Objections and motions to intervene, including supporting memoranda, shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel, on or before _____, 2017 [45 days after the deadline for sending Notice in 7(a)], or be forever barred.

8.      The final approval hearing, set forth in the Class Notice, is hereby scheduled for _____, 2017, at _____ a.m./p.m.


ENTER:


_____

The Honorable Judge Staci Yandle

3

**EXHIBIT 2**
**This is a notice of a lawsuit settlement, not a lawsuit against you.**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS**

**CAMP DRUG STORE, INC., and ARCARE**
**on behalf of themselves and all others**
**similarly situated,**

**Plaintiffs,**

**Case No.: 3:16-cv-00488-SMY-PMF**

**v.**

**COCHRAN WHOLESALE**
**PHARMACEUTICAL, INC., and JOHN**
**DOES 1-12,**

**Defendants.**

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:**  **All persons or whom Cochran Wholesale Pharmaceutical, Inc. sent a facsimile**
**promoting its goods or services between April 19, 2012 and November 1, 2016 (the**
**"Settlement Class").**

**A.**  **WHY HAVE YOU RECEIVED THIS NOTICE?** The Court ordered us to send you this Notice because your fax number is contained on a list of fax numbers to which advertisements may have been sent by fax and you appear to be a member of the Settlement Class defined above.

**B.**  **WHAT IS THIS LAWSUIT ABOUT?** Plaintiffs filed this class action lawsuit against Cochran Wholesale Pharmaceutical, Inc. ("Defendant") alleging that it violated the federal Telephone Consumer Protection Act ("TCPA") by sending unsolicited advertisements by fax. Defendant denied Plaintiffs' allegations and raised defenses. The parties have agreed to settle all claims about advertising faxes Defendant sent between April 19, 2012 and November 1, 2016.

**C.**  **WHAT IS THE PROPOSED SETTLEMENT?** Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved, Defendant has agreed to make up to $700,000.00 (the "Settlement Fund) available to pay those class members who submit a Proof of Claim Form (attached), to pay an incentive award to Plaintiffs for serving as the class representatives, and to pay attorney's fees and expenses to Plaintiffs' attorneys. If the Court approves the Settlement, all of the Class members who submit a valid and timely Proof of Claim Form (attached) will be mailed a check for their pro rata share of the Settlement Fund up to $125.00. In the event the Settlement Fund is exhausted, this amount is subject to reduction. The Court has preliminarily approved this settlement, subject to a fairness hearing that will occur on _____, 2017, at _____ a.m./p.m., in Room _, United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201.

D.    **WHAT ARE YOUR OPTIONS?**

1.    **Return a completed Claim Form:** To receive a share of the settlement funds, you must complete, sign, and return a signed Claim Form postmarked on or before _____, 2017. In order to submit a claim form, you must attest that you owned the fax number in question at any point during the class period. The Claim Form is attached to this Notice. If your Claim Form is timely and valid, you will be mailed a check for your share of the proceeds.

2.    **Do nothing:** If you do nothing, you will remain in the Class. You will be bound by the judgment against Defendant and you will release your claims against Defendant about Defendant's advertising faxes, but you will receive nothing.

3.    **Opt out of the settlement:** You are not required to participate in the settlement. You have the right to exclude yourself from the Class and the settlement by sending a written request for exclusion. Your completed, signed statement advising of your election to opt out must be postmarked no later than _____, 2017. If your request is not postmarked by that date, your right to opt out will be deemed waived and you will be bound by all orders and judgments entered in connection with the settlement. Your request must list your name, street address, fax number, and the name and number of this case, and it must indicate your request for exclusion (for example, "Exclude me from the Camp v. Cochran settlement"). You may not opt out of the settlement as a group, aggregate, or class involving more than just yourself. You must send your request to the Settlement Administrator at the following address:

[insert]

4.    **Object to the settlement:** If you object to the settlement, and wish to file an objection rather than simply excluding yourself, you must file a written objection with the Clerk's Office of the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201. Your objection must be filed with the Clerk of Court by _____, 2017, and must refer to the name and number of this case. You must also serve copies of your objection on Class Counsel and Defendant's counsel, postmarked by the same date, addressed to:

Phillip A. Bock                        Ross D. Andre
Bock, Hatch, Lewis & Oppenheim         Troutman Sanders LLP
134 N. LaSalle St., Suite 1000         600 Peachtree St. NE, Suite 5200
Chicago, IL 60602                      Atlanta, GA 30308
*Class Counsel*                        *Counsel for Defendant*

Your objection must include your name, fax number, and street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Class. It is not sufficient to simply state that you object; you must state the reasons why you believe the settlement should not be approved. Additionally, if you want the Court to consider your objection, then you must also appear at the final approval hearing in Room _____, United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201, on _____, 2017, at _____ a.m./p.m. You are not required to attend this hearing unless you object to the settlement.

E.        **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a final fairness hearing on _____, 2017, at _____ a.m./p.m., in Room _____ of the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201, and hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement. The fairness hearing may be continued to a future date without further notice.

F.        **WHO REPRESENTS THE CLASS?** Camp Drug Store, Inc. and ARcare are the Class Representatives. Their attorneys are Class Counsel. They are:

Phillip A. Bock                                     Randall K. Pulliam
Bock, Hatch, Lewis & Oppenheim, LLC    Carney Bates & Pulliam, PLLC
134 N. LaSalle St., Suite 1000              519 W 7th St,
Chicago, IL 60602                              Little Rock, AR 72201

As part of the settlement, Defendant has agreed to pay Plaintiffs an incentive award of $15,000.00 each for their service on behalf of the Class in this litigation. Defendant has also agreed to pay attorney's fees to Class Counsel of one third of the Settlement Fund ($233,333.33), plus reasonable out-of-pocket expenses incurred in the litigation, including the cost of settlement administration, to be paid from the Settlement Fund.

G.        **WHERE CAN YOU GET MORE INFORMATION?** If you have questions about this Notice or about the settlement, write to attorney Phillip A. Bock at the address listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call Mr. Bock's office at 1-312-658-5501. This Notice only summarizes the litigation and the settlement. The court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201.

**DO NOT CONTACT THE JUDGE, THE JUDGE'S STAFF, OR THE CLERK OF THE COURT BECAUSE THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS ABOUT THIS SETTLEMENT.**

### PROOF OF CLAIM
### Camp Drug Store, Inc. v. Cochran Wholesale Pharmaceuticals, Inc., Case No. 3:16-cv-00488

Fax Number: <populated by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1.    **You Must Provide Your Contact Information.**

      Name: _____

      Company: _____

      Address: _____

      City/State/Zip Code: _____

      Telephone Number: _____

      Fax Numbers (list all numbers): _____

2.    **You Must Verify Ownership of the Fax Number of the Machine that Received this Claim Form.**

      "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's at any point during the period April 19, 2012 to November 1, 2016."

                        _____

                              (Sign your name here)

3.    **You Must Return this Claim Form by [60 days]_____, 2017:**

      (a)    Fax this Claim Form to: <fax number for claims >

            ***OR***

      (b)    Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

            ***OR***

      (c)    Submit this Claim Form electronically at: <website>



PLAINTIFF'S
EXHIBIT
3

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS

CAMP DRUG STORE, INC., and ARCARE on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

                                        Case No.: 3:16-cv-00488-SMY-PMF

v.

COCHRAN WHOLESALE
PHARMACEUTICAL, INC., and JOHN DOES
1-12,

      Defendants.

## FINAL APPROVAL ORDER AND JUDGMENT

      The parties' proposed class action settlement coming before the Court for a fairness

hearing on _____, 2017, at _____ a.m. in Room _, United States District Court for the

Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201, at which all persons

were given an opportunity to be heard, the Court considering the submissions of the parties,

including Plaintiffs' Motion for Final Approval of Class Action Settlement, the statements of

counsel, and the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT:**

      1.      This Court grants final approval of the Settlement Agreement, including, but not

limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and

adequate, and in the best interests of all those affected by it. Any timely objections that were

filed have been considered and are overruled. Accordingly, this Final Judgment and Order binds

all members of the Class who did not opt out.

      2.      This Court has jurisdiction over plaintiffs, Camp Drug Store, Inc. and ARcare

("Plaintiffs"), the members of the Class, defendant Cochran Wholesale Pharmaceutical, Inc.

("Defendant"), and the claims asserted in this lawsuit.

3.      This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

### Class Certification

4.      On _____, 201__, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order").

5.      The Preliminary Approval Order certified the following class solely for purposes of settlement: "All persons to whom Cochran Wholesale Pharmaceutical, Inc. sent a facsimile promoting its goods or services between April 19, 2012 and November 1, 2016." (the "Settlement Class"). In the Settlement Agreement, the parties agreed that this is a proper class definition solely for purposes of settlement. Excluded from the Settlement Class are (a) the Defendant and its present and former officers, directors, employees, and their successors, heirs, assigns, and legal representatives; (b) all persons who opted out of the settlement by timely submitting their opt out request; and (c) the Court and its officers.

6.      The Preliminary Approval Order also appointed Plaintiffs as the Class Representatives and appointed attorneys Phillip A. Bock of Bock, Hatch, Lewis & Oppenheium, LLC and Randall K. Pulliam of Carney Bates & Pulliam, PLLC as Class Counsel.

7.      The Court finds that the Defendant has satisfied its obligations to send notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(a).

### Class Notice

8.      Plaintiffs submitted the affidavit of _____ to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23

2

and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

9.     The following _____ members of the Class filed objections to the settlement: __. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.

10.    The following persons have requested exclusion and are hereby excluded from the Class and this case: _____.

## Class Compensation

11.    Defendant has created a settlement fund totaling $700,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay incentive awards to Plaintiffs for serving as the Class Representatives, and to pay Class Counsel's attorney's fees and reasonable out-of-pocket expenses.

12.    As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form will be paid $125.00, subject to a *pro rata* reduction in the event that the claims and other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed within twenty (20) days after receiving the funds from Defendant. As agreed between the parties, checks issued to the class members will be void 181 days after issuance.  Any money remaining from checks issued to claiming class members but not cashed within 181 days of issuance shall be returned to Defendant.

## Awards of Incentive Award and Attorneys' Fees and Costs

13.     Pursuant to the Parties' agreement, the Court approves and awards a $15,000.00 incentive award to each Plaintiff for serving as the Class Representatives in this matter. In accordance with the Settlement Agreement, Defendant will pay those amounts from the Settlement Fund within three (3) business days after the Agreement's Effective Date.  If payment by Defendant is late, Defendant shall pay interest on the amount due at the Illinois statutory interest rate of 9% per annum.

14.     Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $233,333.33 (one third of the Settlement Fund) plus reasonable out-of-pocket expenses incurred, which includes the cost of class administration, in the total amount of _____. Defendant will pay those amounts from the Settlement Fund within three (3) business days after the Agreement's Effective Date.  If payment by Defendant is late, Defendant shall pay interest on the amount due at the Illinois statutory interest rate of 9% per annum.

## Injunction

15.     Defendant is hereby enjoined from transmitting facsimiles that do not comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as 47 C.F.R. § 1200.

## Releases and Dismissal

16.     All claims or causes of action of any kind by Plaintiffs and all Class members are forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement.

17.     This lawsuit is dismissed with prejudice as to Plaintiffs and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

**<u>Other Provisions</u>**

18.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

19.     This Court retains continuing jurisdiction over this action, Plaintiffs, all members of the Class, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

20.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

21.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


Dated: _____                    _____
                                                   Honorable Staci Yandle