IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMP DRUG STORE, INC. and ARCARE d/b/a PARKIN DRUG STORE and BALD KNOB MEDICAL CLINIC, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>COCHRAN WHOLESALE PHARMACEUTICAL, INC.,<br><br>Defendant. | Case No. 16-CV-488-SMY-RJD |

## MEMORANDUM ORDER AND JUDGMENT

**Staci M. Yandle, District Court Judge**:

Plaintiffs Camp Drug Store, Inc. and ARCare d/b/a Parkin Drug Store and Bald Knob Medical Clinic ("Plaintiffs") have filed a motion and memorandum seeking final approval of a class action settlement, attorney's fees and costs and an incentive fee award for Plaintiffs as Class Representatives (Doc. 41). For the following reasons, Plaintiffs' motion is **GRANTED in part and DENIED in part.**

## BACKGROUND

On May 2, 2016, Plaintiff Camp Drug Store, Inc. filed a Class Action Complaint, alleging that Defendant Cochran Wholesale Pharmaceuticals, Inc. sent fax advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff ARCare filed a separate lawsuit alleging similar claims in the United States District Court for the Middle District of Georgia. The claims were consolidated for settlement purposes and ARCare was added as a named plaintiff to this action.

1

Based on documentation provided informally by Cochran, Plaintiffs determined that Cochran sent or may have sent unsolicited facsimile advertisements to 16,846 different fax numbers between April 19, 2012 and November 1, 2016. Prior to conducting any formal discovery, the parties agreed to mediate, and requested and were granted a stay of proceedings in order to do so. On October 21, 2016, the parties notified the Court that they had reached an agreement to settle the case.

The Settlement Class consists of 16,846 persons and entities who received facsimiles from Cochran Wholesale Pharmaceutical, Inc. promoting its goods and services between April 19, 2012 and November 1, 2016. Under the terms of the proposed settlement, Cochran agreed to make available up to $700,000 ("settlement fund") from which each class member who submits a timely claim form will receive $125, Class Counsel will be paid attorney's fees and costs and the Class Representatives will receive an incentive award. Any portion of the fund not paid to class members, Class Counsel and the Class Representatives is to be kept by Cochran.

The Court held a hearing to consider Plaintiffs' Agreed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class (Doc. 28) on December 7, 2016 and entered an Order conditionally certifying a class for the purposes of settlement and preliminarily approving the settlement (Doc. 37). The Court entered an Amended Order on December 23, 2016 (Doc. 40).

In accordance with the Court's Order, the class notice was sent to the Settlement Class by fax and by U.S. Mail if the fax was unsuccessful after three attempts. 1,765 valid claims were timely submitted. No class members filed objections and 12 class members requested to be excluded from the settlement (Doc. 42-1).

**DISCUSSION**

*Settlement of Plaintiffs' Claims*

Pursuant to *F.R.C.P.* 23(e)(2), the Court may only approve a class action settlement if it determines that the settlement is "is fair, reasonable, and adequate." In making that determination, courts typically consider the following factors: (1) the strength of the plaintiff's case on the merits compared to the amount of the settlement; (2) the defendant's ability to pay; (3) the likely complexity, length and expense of further litigation; (4) opposition to the settlement from members of the class; (5) evidence of collusion; (6) opinions of counsel; (7) the stage of the proceedings and the amount of discovery completed at the time of settlement; and (8) the public interest. *Isby v. Bayh*, 75 F. 3d 1191, 1198-1199 (7th Cir. 1996). Upon its review of the record in this case, Plaintiffs' supporting memorandum and attachments and Counsel's presentations during the final fairness hearing, the Court concludes that these factors support the approval of the settlement of Plaintiffs' class claims.

Records supplied by Cochran indicate that it may have sent unsolicited fax advertisements to 16,846 different fax numbers during the relevant period. While Plaintiffs would have faced the challenge of establishing which class members actually received the faxes and whether the faxes were in fact unsolicited, the Court is persuaded that Plaintiffs' liability case is relatively strong. Moreover, a $125 recovery per class member is significant given the typical individual settlement recoveries in TCPA class action cases. Given the fact that Cochran is uninsured and a relatively small company, its likely inability to pay a judgment exceeding the settlement amount also bolsters the reasonableness of the proposed settlement.

The Court acknowledges its initial concern with the stage of the proceedings at the time the parties reached a settlement agreement. Camp Drug Store filed suit in this case on May 2, 2016. On July 21, 2016, the parties filed a joint motion to stay the case so that they could pursue settlement and mediation. The motion was granted, the parties mediated the case and settled on October 21, 2016. Cochran never filed an answer or response to the Complaint and the parties did not engage in any formal discovery prior to settlement. The Court's concern with the early stage settlement, however, is allayed by other factors – specifically, Cochran's ability to pay and the likely length, complexity and expense of protracted litigation versus the class members' ability to recover $125 at this juncture.

As to the other considerations, the fact that settlement was reached after mediation with an independent mediator suggests that the settlement was not a product of collusion. The lack of opposition from any settlement class member also militates in favor of settlement.

***Attorney's Fees, Costs and Incentive Award***

<u>***Attorney's Fees and Costs***</u>

"In a certified class action, the court may award reasonable attorney's fees…that are authorized by law or by the parties' agreement." *Fed.R.Civ.P. 23(h)*. In determining a reasonable fee, "the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel…" *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014).

Here, Class Counsel seek an award of $233,333.33 in attorneys' fees, which represents one-third of the settlement fund, plus the reimbursement of costs of $30,000.

In support of the fee request, Counsel assert that by agreement of the parties, the settlement created a "common fund" and therefore, a fee award of 33.3% of the common fund settlement is appropriate and reasonable. However, as the Seventh Circuit has made clear, TCPA class actions are not common fund cases: "Some class actions stem from aggregate and undifferentiated injuries; these create genuine common funds. But this action stems from discrete injuries suffered by each recipient of the faxes; it does not create a common fund." *Holtzman v. Turza*, 728 F.3d 682, 688 (7th Cir. 2013) (*Holtzman I*). The Court reiterated its conclusion three years later in the same case. See, *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016) (*Holtzman II*).

Nevertheless, Class Counsel maintain that under the Supreme Court's decision in *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), they are entitled to be compensated on a common fund basis. They assert that "[Holtzman] would control if Class Counsel were seeking attorney's fees from a class judgment for damages under the TCPA, but here the fees are sought from a common fund created for the benefit of the class." (Doc. 41, pgs. 13-14). Counsels' position is flawed.

As the Seventh Circuit noted in *Holtzman II*, its decision is not in conflict with *Boeing* – in fact, its decision cites *Boeing*. Significantly, the Court made no distinction between cases in which attorney's fees are sought from a class judgment for damages under the TCPA and those in which fees are sought from the settlement of a TCPA class action. The relevant distinction is between true common fund cases and class actions that aggregate individual claims, such as this case. "The existence of a 'common fund' depends on the 'nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs.'

5

*Travelers Property Casualty v. Good*, 689 F.3d 714, 722 (7th Cir. 2012), citing *Gilman v. BHC Securities, Inc*., 104 F.3d 1418, 1427 (2nd Cir. 1997).

In common fund cases, the prevailing party pays their own attorney's fees. The purpose of the doctrine is to ensure that each member of the class contributes proportionately to the payment of the fees. In this case, notwithstanding the fact that Cochran is not liable for attorney's fees under the TCPA, they have agreed to pay them as part of the settlement. Therefore, the plaintiffs will not incur attorney's fees. Additionally, Cochran's agreement to make up to $700,000 available to settle the case is nothing more than security for payment, not a true common fund. See, *Holtzman II* at 608. That said, even in true common fund cases, fees are awarded based on a percentage of the fund actually recovered – not the maximum amount of money the defendant has promised to make available.[1]

The parties' agreement to settle "on a common fund basis" (Doc. 28-1, paragraph 5) does not morph this case into anything other than what it is – a defacto fee shifting case. If it walks like a duck and quacks like a duck, it's a duck… it matters not that you choose or agree to call it a chicken. As such, Class Counsels' request for attorney's fees of one-third of the amount Cochran agreed to make available for the payment of the class claims, attorney's fees, costs and incentive awards – an amount that exceeds the total payments to be made to the class – is unreasonable and unsupportable.[2]

Counsel entered into a 1/3 contingency fee agreement with the class representatives, which is reasonable and customary. Based on the market for legal

---

[1] Class Counsel urge the Court to take the value of the injunctive relief secured by the settlement into consideration. However, the Court is unable to do so in the absence of any evidence as to the value.

[2] Class Counsel assert that the requested attorney's fees are also supported by their lodestar value of $156,328.00, based on a crosscheck summary reflecting 256.45 hours expended by 11 "professionals" at hourly billing rates ranging from $175-690 (Doc. 41, pg. 15). Given the procedural history and posture of this case at the time of settlement, and without any further detail or supporting affidavits, the Court does not find the asserted lodestar value persuasive.

services in TCPA class cases, the quality of Counsels' performance in this case, which the Court finds commensurate with their many years of class action experience, and the amount of work necessary to resolve the case, the Court awards Class Counsel attorney's fees in the amount of $73,468.13, which represents 33.3% of the $220,625.00 claims payment, plus costs/expenses of up to $30,000 ($25,104.40 expended to date).

### *Incentive Award*

The Seventh Circuit recognizes incentive awards as "justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) ("*Synthroid I*"). In determining whether an incentive award is appropriate, and, if so, in what amount, the Court looks to "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). The named plaintiffs' involvement in the case prior to settlement does not justify the requested $15,000 incentive award/per Class Representative. Upon inquiry by the Court during the final fairness hearing, Counsel stated that representatives for the named Plaintiffs consulted with Counsel and provided information about the faxes they received prior to filing suit, reviewed the Complaints before they were filed, were available by telephone during the mediation (but were not involved in the actual negotiations during mediation) and ultimately approved proposed settlement. This was the extent of the Class Representatives' participation in the litigation.

The Court Acknowledges that even under these circumstances, an incentive award is justified based on the named representatives' willingness to pursue the claims on behalf

7

of the class. However, in light of the degree of their participation in the case and the amount of time and effort expended, Camp Drug Store Inc. and ArCare are each awarded $1,000.00.

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement coming before the Court for a fairness hearing on April 19, 2017 at 1:30 p.m. at the United States District Court for the Southern District of Illinois, 301 West Main Street, Benton, IL, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiffs' Motion for Final Approval of Class Action Settlement, the statements of counsel and the fairness of the settlement's terms.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiffs and Defendant in this case (the "Parties").

2. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

3. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement.

4. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Defendant and its counsel, and the Class and Defendant were represented by capable and experienced counsel.

5. The form, content, and method of dissemination of the notice given to members of the Class were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and Due Process.

6. The Settlement Agreement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Amended Settlement Agreement, and Class Counsel is authorized to implement that distribution after deductions for fees, costs and incentive awards as approved by the Court.

7. The Court approves and awards a $1,000.00 incentive award to each Plaintiff for serving as the Class Representatives in this matter.

8. The Court approves and awards attorney's fees to Class Counsel in the amount of $73,468.13 plus out-of-pocket expenses incurred, which includes the cost of class administration, in the total amount not to exceed $30,000.00 ($25,104.40 expended to date).

9. Defendant is hereby enjoined from transmitting facsimiles that do not comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as 47 C.F.R. § 1200.

10. All claims or causes of action of any kind by Plaintiffs and all Class members are forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement.

11. This lawsuit is **DISMISSED with prejudice** as to Plaintiffs and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

12. The Court shall have continuing jurisdiction over the administration of the Settlement Fund.

13. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment. **The Clerk of Court shall close the case accordingly**.

**IT IS SO ORDERED.**

**DATED: April 26, 2017**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**